**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOLD VALUE INTERNATIONAL TEXTILE, INC., d/b/a FIESTA FABRIC, a California Corporation,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>FOREVER 21, INC., a Delaware Corporation; and DOES 1-10, inclusive,  )<br><br>Defendants.  ) | CV 16-07174-RSWL-AJWx<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** [39]**; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** [57] |

Currently before the Court are Defendant Forever 21, Inc.'s Motion for Summary Judgment ("Defendant's Motion") [57] and Plaintiff Gold Value International Textile, Inc.'s ("Plaintiff") Motion for Summary Adjudication ("Plaintiff's Motion") [39]. Having considered all papers filed in support of the Motions, the Court **GRANTS** Defendant's Motion and **DENIES**

1

Plaintiff's Motion.  However, the Court **DENIES**
Defendant's request for attorneys' fees.

## I. BACKGROUND

**A.** **Factual Background**[1]

Plaintiff is a California-based textile company.
Pl.'s Statement of Uncontroverted Facts ("Pl.'s SUF")
¶ 1, ECF No. 47-1.  Plaintiff creates artwork and
purchases the rights to artwork, which it then uses to
create fabric that it sells to its customers.  Id.
¶¶ 2-3.  Plaintiff developed the design at issue in
this Action, 1461 - Crochet emb. ("1461 Design" or
"Subject Design"), using a compilation of source
artwork.  Def.'s Statement of Uncontroverted Facts
("Def.'s SUF") ¶ 2, ECF No. 57-6.  On October 24, 2013,
Plaintiff received copyright registration VAu 1-151-509
(the "'509 Registration") for the Subject Design, which
was included in a group of designs.  Decl. of Gabriela
Rivera in Supp. of Def.'s Mot. for Summ. J. ("Rivera
Decl."), Ex. 4, ECF No. 57-1.

In 2014, Defendant began working on a garment
design with its vendor, Reliable Industrial Ltd.
("Reliable"), which is based in Hong Kong.  Def.'s SUF

---

[1] The Court makes the following factual findings.  See C.D.
Cal. R. 56-3 ("[T]he Court may assume that the material facts as
claimed and adequately supported by the moving party are admitted
to exist.").  But see Anderson v. Liberty Lobby, 477 U.S. 242,
250 (1986) ("There is no requirement that the trial judge make
findings of fact [when granting summary judgment because] the
threshold inquiry [is whether] there are any genuine factual
issues."); Taybron v. City & Cty. of S.F., 341 F.3d 957, 959 n.2
(9th Cir. 2003).

¶ 35, 37.  By August 21, 2014, Defendant had reviewed a fabric sample from Reliable, developed a design incorporating the fabric, and sent Reliable instructions for the production of garments (the "Accused Garments").  Id. ¶ 37.  The fabric sample was sourced from Reliable's vendor, Xinhong Weaving Industrial, Co., Ltd. ("Xinhong"), which is located in China.  Id. ¶ 35.  Xinhong had sold a similar fabric, QT 780, in June 2013.  Id. ¶ 36.  Reliable completed production of the Accused Garments and began shipping them to Defendant in March 2016.

On January 15, 2016, Plaintiff, in an unrelated action, sued Sanctuary Clothing, LLC ("Sanctuary") for copyright infringement of the 1461 Design based on the '509 Registration.  Id. ¶ 9 (citing Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC, No. LACV1600339JAKFFMX, 2017 WL 3477746 (C.D. Cal. May 12, 2017)).  Sanctuary sought invalidation of the '509 Registration based on Plaintiff's misrepresentation to the Copyright Office that the work was unpublished. Id. ¶ 10.  After cross-motions for summary judgment and confirmation from the Copyright Office that it would have refused registration of the 1461 Design if the Copyright Office had been aware that the 1461 Design had been previously published, the court found the '509 Registration invalid on May 12, 2017.  Id. ¶¶ 11-14.

On June 9, 2016, Plaintiff's counsel filed a second application to register the 1461 Design.  Id. ¶ 7.  In

this application, Plaintiff's counsel did not disclose that the 1461 Design is a derivative work based on pre-existing source art. Id. ¶ 8. Plaintiff received copyright registration VA 2-006-252 (the "'252 Registration") for the Subject Design, effective June 9, 2016. Rivera Decl., Ex. 6.

**B.** **Procedural Background**

Plaintiff filed its Complaint [1] on September 23, 2016, alleging copyright infringement, vicarious copyright infringement, and contributory copyright infringement based on the '509 Registration. Pursuant to 17 U.S.C. § 508, Plaintiff filed its Report on the Filing of an Action Regarding a Copyright [5] on September 23, 2016, which named the '509 Registration as the copyright at issue. Plaintiff then filed another Report on the Filing of an Action Regarding a Copyright [26] on June 6, 2017, which named the '252 Registration.

Plaintiff filed its Motion [39] on February 27, 2018. Defendant filed its Opposition [47] to Plaintiff's Motion on March 13, 2018. Defendant then filed its Motion [57] on March 27, 2018. Plaintiff filed its Opposition [64] to Defendant's Motion on April 10, 2018. The parties filed their respective Replies [74, 75] on April 24, 2018.

///

///

///

# II.  DISCUSSION

## A.  Legal Standard

### 1.  Summary Judgment

Federal Rule of Civil Procedure 56(a) states that a "court shall grant summary judgment" when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine" issue exists if the evidence is such that a reasonable fact-finder could return a verdict for the nonmovant.  <u>Anderson</u>, 477 U.S. at 248. The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the nonmovant.  <u>Twentieth Century-Fox Film Corp. v. MCA, Inc.</u>, 715 F.2d 1327, 1328-29 (9th Cir. 1983).  In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. <u>Anderson</u>, 477 U.S. at 255.

Where the nonmovant bears the burden of proof at trial, the movant need only prove that there is no evidence to support the nonmovant's case.  <u>In re Oracle Corp. Secs. Litig.</u>, 627 F.3d 376, 387 (9th Cir. 2010). If the movant satisfies this burden, the burden then shifts to the nonmovant to produce admissible evidence showing a triable issue of fact.  <u>Id.</u>; <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102-03

5

(9th Cir. 2000); <u>see also</u> <u>Cleveland v. Policy Mgmt.</u>
<u>Sys. Corp.</u>, 526 U.S. 795, 805–06 (1999) (quoting
<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

    2.  <u>Summary Adjudication</u>

    Federal Rule of Civil Procedure 56 authorizes
courts to grant partial summary judgment to limit the
issues to be tried in a case.  <u>State Farm Fire & Cas.</u>
<u>Co. v. Geary</u>, 699 F. Supp. 756, 759 (N.D. Cal. 1987)
(citing <u>Lies v. Farrell Lines, Inc.</u>, 641 F.2d 765, 769
n.3 (9th Cir. 1981)); <u>see, e.g.</u>, <u>White v. Lee</u>, 227 F.3d
1214, 1240 (9th Cir. 2000) ("[A] court may award a
partial summary judgment that decides only [the] issue
[of liability].").  Absent special circumstances,
partial summary judgment is not appealable prior to the
entry of a final judgment because such orders do not
dispose of all claims or end the litigation on the
merits.  <u>Williamson v. UNUM Life Ins. Co. of Am.</u>, 160
F.3d 1247, 1250 (9th Cir. 1998) (citations omitted).

**B.**  **<u>Analysis</u>**

    1.  <u>Request for Judicial Notice</u>

    Defendant, in its Opposition to Plaintiff's Motion,
requests that the Court take judicial notice of various
filings in a prior case, which focused on the '509
Registration and the 1461 Design.  <u>See</u> Def.'s Request
for Judicial Notice, ECF No. 47-3.  A district court
may take judicial notice under Federal Rule of Evidence
201 of "undisputed matters of public record, including
documents on file in federal or state courts."  <u>Harris</u>

v. Cty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (internal citation omitted).  The documents of which Defendant seeks judicial notice are all filings that are a matter of public record in the Central District of California, and therefore, the Court **GRANTS** Defendant's request and takes judicial notice of Exhibits 12 through 23.

      2.  *Evidentiary Objections*

Plaintiff objects to evidence Defendant submitted in connection with its Motion and its Opposition to Plaintiff's Motion.  See ECF Nos. 64-7, 74-1. Defendant objects to evidence Plaintiff submitted in support of its Motion.  See ECF No. 47-2.  The parties' objections are primarily "boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," and therefore, the Court **OVERRULES** each of these objections.  See Amaretto Ranch Breedables v. Ozimals, Inc., 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012) ("This Court need not address boilerplate evidentiary objections that the parties themselves deem unworthy of development, and the Court accordingly summarily overrules the objections." (internal citations omitted)).  "To the extent that the Court relied on objected-to evidence, [the Court] relied only on admissible evidence" and therefore, this Court **OVERRULES** the parties' objections.  Caldwell v. City of Selma, No. 1:13-cv-00465-SAB, 2015 WL 1897806, at *2

n.2 (E.D. Cal. Apr. 16, 2015); <u>see also</u> <u>Capital</u>
<u>Records, LLC v. BlueBeat, Inc.</u>, 765 F. Supp. 2d 1198,
1200 n.1 (C.D. Cal. 2010).

    3.  <u>Plaintiff's Claim for Copyright Infringement</u>

    In its Motion, Plaintiff seeks summary adjudication
on liability for its copyright infringement claim.
Defendant seeks summary judgment on all of Plaintiff's
claims.

    To succeed on a claim of copyright infringement, a
plaintiff must show "(1) ownership of a valid
copyright, and (2) copying of constituent elements of
the work that are original." <u>Feist Publ'ns, Inc. v.</u>
<u>Rural Tel. Servs. Co.</u>, 499 U.S. 340, 361 (1991).

    a.  *Ownership of a Valid Copyright*

    Defendant argues that Plaintiff does not have a
valid copyright for three reasons: (1) Plaintiff failed
to name the '252 Registration in the Complaint,
(2) Plaintiff did not indicate in its application for
the '252 Registration that the 1461 Design was a
derivative work, and (3) the 1461 Design lacks the
requisite originality for copyright registration.

    i.  *Failure to Name the '252 Registration*
*in the Complaint*

    In both its Opposition to Plaintiff's Motion and
its own Motion, Defendant argues that the only
copyright at issue in the Complaint is the '509
Registration, which was previously held invalid in
<u>Sanctuary</u>.  However, Plaintiff does not challenge the

validity of the '509 Registration and instead argues
that its claims are based on infringement of the '252
Registration.

Defendant argues that the '252 Registration cannot
support Plaintiff's claims because Plaintiff did not
mention the '252 Registration in its Complaint and
Plaintiff has at no time amended its Complaint to
include reference to the '252 Registration.[2]  When
issues outside the scope of the complaint are raised in
a motion for summary judgment or in opposition to a
motion for summary judgment, the court construes it as
a request to amend the complaint under Federal Rule of
Civil Procedure 15(b).  Apache Survival Coalition v.
United States, 21 F.3d 895, 910 (9th Cir. 1994).  "Five
factors are taken into account to assess the propriety
of a motion for leave to amend: bad faith, undue delay,
prejudice to the opposing party, futility of amendment,
and whether the plaintiff has previously amended the
complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077
(9th Cir. 2004).

While it could be argued that Plaintiff's knowledge
of the '252 Registration prior to the filing of this

_____

   [2] Plaintiff argues that copyright registration is not a
jurisdictional requirement for bringing a copyright infringement
claim.  Pl.'s Opp'n to Def.'s Mot. for Summ. J. 4:15-19, ECF No.
64.  While this statement is technically true, see Reed Elsevier,
Inc. v. Muchnick, 130 S. Ct. 1237, 1248 (2010), Defendant is not
challenging jurisdiction, and Plaintiff is still "required to
show registration as an element of an infringement claim,"
Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 988 (9th
Cir. 2017) (citations omitted).

Action and Plaintiff's failure to amend the Complaint accordingly is considered bad faith, Defendant has not presented any evidence of Plaintiff's bad faith. Therefore, this factor is neutral.  Plaintiff has not previously amended its Complaint, so this factor weighs in favor of granting leave to amend.  Amendment would not be futile because the '252 Registration is presumptively valid, see 17 U.S.C. § 410(c), and Defendant has failed to rebut such a presumption, United Fabrics Int'l, Inc. v. C&J Wear, Inc., 630 F.3d 1255, 1259 (9th Cir. 2011) (finding failure to include on copyright application that work was derivative was "not cause for invalidation" absent a showing of fraud on the Copyright Office).  This factor therefore weighs in favor of allowing amendment.

Plaintiff's actions, or lack thereof, clearly show undue delay.  At no point in this litigation did Plaintiff move to amend its Complaint to add the '252 Registration.  This factor weighs against granting leave to amend.

However, undue delay is not sufficient alone to deny leave to amend; "it is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  While Plaintiff at no time amended the Complaint to include the '252 Registration, Defendant was on notice of the '252 Registration through the amended AO-121 Form,

10

which expressly identified the '252 Registration as the copyright at issue in this Action. Plaintiff did not provide Defendant with a copy of the '252 Registration until September 18, 2017—after the discovery cut-off of August 28, 2017. However, the parties twice moved to extend the discovery deadline in this Action. While the continuances of the discovery cut-off dealt specifically with depositions, Defendant at no point attempted to move the Court to reopen discovery. Further, Defendant questioned Morris Ajnassian, a principal of Plaintiff, about the '252 Registration in his deposition and included it as an exhibit to the deposition transcript. Rivera Decl., Ex. 1 at 80:8-16. Defendant therefore had the opportunity to fully question Mr. Ajnassian about the '252 Registration, but it clearly chose not to do so.[3] Finally, Plaintiff argues that its counsel informed Defendant's counsel "on multiple occasions during telephone conversations that [Plaintiff]'s settlement calculus was based on" the '252 Registration. Decl. of Trevor Barrett in Opp'n to Def.'s Mot. for Summ. J. ¶ 1, ECF No. 73. In opposition to this statement, Defendant provides an email from July 25, 2017 where the parties discussed

---

[3] The Court does not condone Plaintiff's failure to properly supplement its discovery responses or provide the '252 Registration to Defendant in a timely manner. However, this does not change the fact that Defendant was aware the '252 Registration was at issue in this Action as early as June 6, 2017, when Plaintiff filed the amended AO-121 Form.

11

settlement, but Plaintiff did not mention the '252
Registration.  Decl. of Gabriela Rivera in Reply to
Def.'s Mot. for Summ. J., Ex. 2, ECF No. 75-2.  While
this email does not include reference to the '252
Registration, it also does not prove that Plaintiff's
counsel never mentioned the '252 Registration in
settlement discussions.  In fact, Defendant does not
provide any evidence or argument that Plaintiff's
counsel never mentioned the '252 Registration.
Therefore, one email where the '252 Registration is not
mentioned does not make Plaintiff's counsel's
Declaration false.

Defendant has failed to provide evidence that it
was not on notice that the '252 Registration was at
issue in this Action.  Therefore, essentially allowing
Plaintiff to now amend its pleading to include the '252
Registration would not prejudice Defendant, and this
factor weighs in favor of granting leave to amend.
Because the majority of factors weigh in favor of
granting leave to amend, such leave is granted, and the
Court disregards Defendant's argument that summary
judgment should be granted in its favor because the
'252 Registration is not at issue in this Action.

ii. *Failure to Identify the Subject Design*
*as a Derivative Work*

"A copyright registration is 'prima facie evidence
of the validity of the copyright and the facts stated
in the certificate.'"  <u>United Fabrics</u>, 630 F.3d at 1257

(quoting 17 U.S.C. § 410(c)). "[I]nadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." Urantia Found. v. Maaherra, 114 F.3d 955, 963 (9th Cir. 1997).

Defendant argues that the '252 Registration is invalid because Plaintiff failed to identify the Subject Design as a derivative work. "The application for copyright registration . . . shall include[,] in the case of a compilation or derivative work, an identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered." 17 U.S.C. § 409(9). Plaintiff acknowledges that the Subject Design "was developed from original source artwork." Pl.'s SUF ¶ 2. Plaintiff does not appear to dispute that it failed to identify the Subject Design as a derivative work in its copyright application. Defendant argues that because Plaintiff knew the Subject Design was a derivative work at the time Plaintiff applied for the '252 Registration and failed to identify the Subject Design as such in the application, the '252 Registration is invalid. Defendant's argument ends there, and Defendant does not make any showing of fraud

on the Copyright Office.  For this reason, Defendant
has failed to rebut the presumption of validity the
'252 Registration creates.

Defendant argues that the requirement to prove
fraud only applies when the mistake is inadvertent,
"not when the inaccurate information was included on
the application with knowledge that it was inaccurate."
Def.'s Reply 8:1-2.  However, in making such an
argument, Defendant ignores binding precedent that is
directly on point.  In <u>United Fabrics</u>, the defendant
argued that the copyright was invalid because the
application did not identify the design as a derivative
work.  630 F.3d at 1259.  The court rejected this
argument and held that because the defendant had not
shown fraud on the Copyright Office, the defendant had
not rebutted the presumption of validity.  <u>Id.</u>; see
<u>L.A. Printex Indus. v. Macy's Retail Holdings, Inc.</u>,
No. CV 10-2515 PSG (JEMx), 2011 U.S. Dist. LEXIS 88733,
at *14 (C.D. Cal. Aug. 9, 2011) ("[T]o the extent that
Macy's argues that LAP's copyright is invalid because
its application did not correctly identify the design
as a collective or derivative work [] this argument is
expressly foreclosed by <u>United Fabrics</u>.").  Defendant
has not even attempted to offer evidence of fraud.
Therefore, Defendant has failed to rebut the
presumption of validity.

iii.    *Originality*

Defendant may also rebut the presumption of

14

validity by showing that the Subject Design lacks originality. <u>N. Coast Indus. v. Jason Maxwell, Inc.</u>, 972 F.2d 1031, 1033 (9th Cir. 1992). To prove originality, a plaintiff must show (1) "the work was independently created by the author" and (2) the work "possesses at least some minimal degree of creativity." <u>Feist Publ'ns</u>, 499 U.S. at 345. "[T]he requisite level of creativity is extremely low; even a slight amount will suffice." <u>Id.</u> However, it is not negligible; "[t]here must be something more than a 'merely trivial' variation, something recognizably the artist's own." <u>Satava v. Lowry</u>, 323 F.3d 805, 810 (9th Cir. 2003). "Original selection, coordination, and arrangement of [non-protectable] elements is protectable." <u>L.A. Printex Indus., Inc. v. Aeropostale, Inc.</u>, 676 F.3d 841, 849 (9th Cir. 2012), <u>substituted opinion at</u> 2012 U.S. App. LEXIS 12033. "The mere fact that plaintiff used a matter in the public domain does not in and of itself preclude a finding of originality, since plaintiff may have added unique features to the matter so as to render it copyrightable." <u>Kamar Int'l, Inc. v. Russ Berrie & Co.</u>, 657 F.2d 1059, 1061 (9th Cir. 1981) (quotation omitted).

Here, Defendant has failed to raise a genuine issue of material fact as to originality. While the creator of the Subject Design, Elizabeth Strozewski, testified that the tribal pattern "was a super popular motif" and the Aztec diamond was "a huge trend," Rivera Decl., Ex.

2 at 53:7-12, in creating the Subject Design, Ms.
Strozewski combined these popular designs and then
"made [them] unique," id. at 53:9. Ms. Strozewski took
the tribal print and "redrew and put texture over it."
Id. Ms. Strozewski testified further as follows: "I
put texturing and I went and redrew each little step on
it, made it my own, put in four little diamonds, added
a texture on it on the print." Id. at 53:11-13. Based
on Ms. Strozewski's testimony, it is clear that while
she may have taken popular designs from the public
domain, she added unique features to the matter.
Therefore, "Defendant[] ha[s] failed to rebut the
presumption of [Plaintiff]'s design['s] originality
based simply upon evidence that [Plaintiff] routinely
looks to other existing designs for inspiration." ITC
Textile, Ltd v. J.C. Penney Co., Inc., No.
CV1202975DMGFFMX, 2014 WL 12567142, at *4 (C.D. Cal.
Feb. 7, 2014).

Ultimately, Defendant has failed to raise a genuine
issue of material fact as to the validity of the '252
Registration.

b. *Copying*

Because Plaintiff holds a valid copyright
registration for the 1461 Design, Plaintiff must next
establish Defendant's copying of the 1461 Design. "[A]
plaintiff can establish copying by showing (1) that the
defendant had access to the plaintiff's work and (2)
that the two works are substantially similar."

16

<u>Aeropostale</u>, 676 F.3d at 846 (citation omitted).

"Proof of access requires 'an opportunity to view or to copy plaintiff's work.'" <u>Three Boys Music Corp. v. Bolton</u>, 212 F.3d 477, 482 (9th Cir. 2000) (quoting <u>Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.</u>, 562 F.2d 1157, 1172 (9th Cir. 1977)). "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." <u>Art Attacks Ink, LLC v. MGA Entm't Inc.</u>, 581 F.3d 1138, 1143 (9th Cir. 2009). Absent direct evidence of access, a plaintiff can prove access using circumstantial evidence of either (1) a "chain of events" linking the plaintiff's work and the defendant's access or (2) "widespread dissemination" of the plaintiff's work. <u>Three Boys Music</u>, 212 F.3d at 482.

> i.  *Direct Access*

In its own Motion, Plaintiff relies on widespread dissemination and striking similarity to establish access. However, in opposition to Defendant's Motion, Plaintiff argues that Defendant had access to the Subject Design through a tech pack[4] that included a

---

[4] The tech pack includes various design elements of the Accused Garments as well as pictures and fabric samples for elements of the Accused Garments. <u>See</u> Rivera Decl., Ex. 9.

picture of the Subject Design.[5]  Pl.'s Opp'n 20:15-25;
see Rivera Decl., Ex. 9.  Oddly, Plaintiff points out
that the picture of the Subject Design included in the
tech pack "is not identical to that of the Subject
Design."  Pl.'s Opp'n 20:22.  The contradictions in
Plaintiff's argument show that Plaintiff is offering an
argument it does not even truly believe.  The Court
would have to take several inferential leaps to reach a
showing of access through the grainy picture of a
design that is not even identical to the Subject
Design.[6]  Therefore, Plaintiff has not offered evidence
to raise a genuine issue of material fact as to direct
access.

ii. *Widespread Dissemination*

Plaintiff's theory of widespread dissemination is
based on its sale of 12,000 yards of fabric[7] bearing the

---

[5] However, in its Statement of Facts in Dispute, Plaintiff
"does not dispute that it does not possess evidence of
[Defendant]'s direct access [to the Subject Design]."  Pl.'s
Statement of Facts in Dispute ¶ 18, ECF No. 64-8.

[6] Further, the tech pack is dated October 5, 2015, see
Rivera Decl., Ex. 9, but it is undisputed that Defendant received
the fabric sample for the Accused Garments in August 2014, Def.'s
SUF ¶ 37.  Therefore, Plaintiff cannot establish access to the
Subject Design that occurred after Defendant designed the Accused
Garments.

[7] Based on the sales figures Plaintiff provides and the
Court's calculations, Plaintiff sold 9,660 yards of fabric
bearing the 1461 Design prior to Defendant receiving the fabric
sample from its vendor and designing the Accused Garments in
August 2014.  Decl. of Morris Ajnassian in Supp. of Pl.'s Mot.
for Summ. Adjudication ("Ajnassian Decl."), Ex. 5, ECF No. 39-2.
Whether Plaintiff sold 10,000 or 12,000 yards of fabric is
irrelevant since the sales were largely in Los Angeles and none

Subject Design, the "lion's share" of which were to "companies within the Los Angeles area." Ajnassian Decl. ¶ 6. However, as Defendant notes, its vendor sourced the fabric, which make up the Accused Garments, from China. Decl. of Daniel Cheng in Supp. of Def.'s Mot. for Summ. J. ¶ 2, ECF No. 47-8. Plaintiff does not sell its fabric to customers in China. Rivera Decl., Ex. 1 at 15:19-20, 100:4-15. Plaintiff argues that the fabric bearing the Subject Design was manufactured in China, but it provides no evidence for how Defendant's vendor obtained access to the manufactured fabric that was not sold anywhere in China. In fact, Plaintiff provides no evidence of any access as to Defendant's vendor. It would therefore be mere speculation to conclude that Defendant's vendor, who sourced the fabric from China, "had the opportunity to view and copy the Subject Design as a result of" Plaintiff's sale of 12,000 yards of fabric in the United States. See Unicolors, Inc. v. NB Brother Corp., No. CV1602268MWFJPRX, 2017 WL 4402287, at *4 (C.D. Cal. Oct. 3, 2017).

Plaintiff also argues that the source artwork on which the Subject Design is based has been available since at least 2010, thus resulting in widespread dissemination. Pl.'s Mot. for Summ. Adjudication ("Pl.'s Mot.") 9:15-18, ECF No. 39. Plaintiff has

of the sales were in China, where Defendant's vendor is located.

19

provided zero evidence for how the source artwork has
been widely disseminated just because it has been
around since 2010.  It provides no sales figures or any
evidence of how and where the source artwork was
disseminated.  Plaintiff has therefore failed to raise
a genuine issue of material fact as to widespread
dissemination.

iii.    *Strikingly Similar*

"[I]n the absence of any proof of access, a
copyright plaintiff can still make out a case of
infringement by showing that the [works] were
'strikingly similar.'"  <u>Three Boys Music</u>, 212 F.3d at
485.  "Striking similarity is a high bar."  <u>Briggs v.
Blomkamp</u>, 70 F. Supp. 3d 1155, 1167 (N.D. Cal. 2014).
"At base, 'striking similarity' simply means that, in
human experience, it is virtually impossible that the
two works could have been independently created."  4
Melville B. Nimmer & David Nimmer, Nimmer on Copyright
§ 13.02[B] (2005).

Plaintiff argues that the Subject Design and the
Accused Garments are "far too similar . . . to be the
result of coincidence."  Pl.'s Mot. 7:9-10.  Other than
pointing the Court to a side-by-side comparison of
pictures of the two designs, Plaintiff does not
articulate the similarities between the two designs.
"The mere existence of multiple similarities is
insufficient to meet the test [of striking
similarity]."  <u>Gal v. Viacom Int'l, Inc.</u>, 518 F. Supp.

20

2d 526, 543 (S.D.N.Y. 2007).

In assessing similarity at the summary judgment stage, courts only apply the extrinsic test. <u>Funky Films, Inc. v. Time Warner Entm't Co., Ltd. P'ship</u>, 462 F.3d 1072, 1077 (9th Cir. 2006). "The 'extrinsic test' is an objective comparison of specific expressive elements" that "focuses on articulable similarities" between the two works. <u>Cavalier v. Random House, Inc.</u>, 297 F.3d 815, 822 (9th Cir. 2002).

While Plaintiff does not outline the articulable similarities between the two works, the Court can conduct its own objective review of the physical samples of the two works. The two works both include the diamond Aztec-inspired pattern. These diamonds are very similar on both works. Both are white in color, albeit different shades of white, and involve similar stitching, including the number of diamonds within each large diamond. The Subject Design includes a horizontal line connecting each large diamond, while the Accused Garments do not. Above and below the row of diamonds is a zig zag pattern with vertical lines pointing towards the row of diamonds. The stitching in the zig zag pattern appears to be similar on both works. Finally, below the zig zag pattern on the Accused Garments is a crochet pattern with small solid circles changing into a spider web-like pattern. While the Subject Design also has a crochet pattern below the zig zag pattern, the crochet pattern on the Subject

Design includes large circles that are all connected within the crochet pattern.  The crochet patterns in both works are objectively different and do not include any of the same elements.

"A plaintiff has not proved striking similarity sufficient to sustain a finding of copying if the evidence as a whole does not preclude any reasonable possibility of independent creation."  Stewart v. Wachowski, 574 F. Supp. 2d 1074, 1098 (C.D. Cal. 2005) (quotation omitted).  "Evidence of the manner in which a defendant created its work is 'logically relevant' to determining whether copying occurred."  Stabile v. Paul Smith Ltd., 137 F. Supp. 3d 1173, 1188 (C.D. Cal. 2015) (citing Granite Music Corp. v. United Artists Corp., 532 F.2d 718, 720 (9th Cir. 1976)).

Here, Defendant has presented uncontroverted evidence of fabric similar to the fabric used to create the Accused Garments.  Such fabric came from Xinhong, Reliable's fabric vendor for the Accused Garments.  Ma Xue Yang, the owner of Xinhong, stated in her Declaration that she sold 2,000 yards of this similar fabric, named QT 780, on June 23, 2013, which is prior to the October 24, 2013 registration of the '509 Registration.  Decl. of Ma Xue Yang in Supp. of Def.'s Mot. for Summ. J. ¶ 4, Ex. 1, ECF No. 57-5.  Therefore, the QT 780 fabric was in existence prior to the registration of the Subject Design.  Further, a comparison of the QT 780 fabric and the Accused

Garments shows the similarities between the two fabrics. Both fabrics share an identical Aztec-style diamond pattern. The main difference between the two fabrics is the crochet pattern, which is below the identical zig zag pattern on each work. The similarities of the two works and the fact that the fabrics came from the same vendor support the reasonable possibility that the fabric for the Accused Garments was created independently of the Subject Design.

Other than objecting to the Declaration of Ma Xue Yang,[8] Plaintiff does not offer any evidence to rebut Defendant's argument of independent creation. The evidence as a whole does not preclude the reasonable possibility that the fabric for the Accused Garments could have been independently created. Therefore, Plaintiff has failed to show that "the two works are not only similar, but are so strikingly similar as to preclude the possibility of independent creation." Stabile, 137 F. Supp. 3d at 1188 (quotation omitted).

Accordingly, Plaintiff has failed to make a showing of Defendant's access to the Subject Design or that the two works are strikingly similar.

---

[8] Despite Plaintiff's boilerplate objections, Ms. Yang has testified to her personal knowledge of the QT 780 fabric and its sale due to her role as owner of Xinhong and custodian of its records. Ms. Yang has also authenticated the documents attached to her Declaration, and such documents fall within the business records exception to the hearsay rule.

While Defendant failed to raise a genuine issue of material fact as to the validity of the '252 Registration, and thus, the Court should grant summary adjudication in favor of Plaintiff as to this element of its copyright claim, because Plaintiff cannot prove copying, the Court **GRANTS** summary judgment in favor of Defendant on this claim and **DENIES** Plaintiff's Motion.

       4.   <u>Plaintiff's Claims for Contributory and Vicarious Copyright Infringement</u>

Plaintiff also brings claims for contributory and vicarious copyright infringement. Because there is no evidence of direct infringement, Plaintiff cannot succeed on claims of vicarious or contributory copyright infringement. <u>See</u> <u>Perfect 10, Inc. v. Amazon.com, Inc.</u>, 508 F.3d 1146, 1169 (9th Cir. 2007) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party." (internal citation and quotation marks omitted)). The Court therefore **GRANTS** Defendant's Motion on these claims.

       5.   <u>Attorneys' Fees</u>

In its Motion, Defendant seeks attorneys' fees. "Under the Copyright Act of 1976, a district court has the discretion to award 'a reasonable attorneys' fee to the prevailing party.'" <u>Love v. Associated Newspapers, Ltd.</u>, 611 F.3d 601, 614 (9th Cir. 2010) (quoting 17 U.S.C. § 505). In determining whether to award attorneys' fees to a prevailing defendant, the court

may consider, but is not limited to, the following
factors: (1) frivolousness, (2) motivation,
(3) objective unreasonableness (both factually and
legally), (4) the need under the circumstances for
compensation and deterrence, (5) the degree of success
obtained, (6) the Copyright Act's purposes, and (7) the
chilling effect or inequitable burden of attorneys'
fees on an impecunious plaintiff.  Perfect 10, Inc. v.
Giganews, Inc., 847 F.3d 657, 675 (9th Cir. 2017)
(quotations omitted).  These factors "need not all be
met."  Id. (quotation omitted).

The balance of the above factors weighs against
granting Defendant its attorneys' fees.  While
Defendant won summary judgment on all of Plaintiff's
claims, there is no evidence that this Action was
frivolous.  Defendant failed to raise a genuine issue
of material fact as to the validity of the '252
Registration.  While Plaintiff was unable to provide
enough evidence to support a showing of access,
Plaintiff's claim of access was not "clearly baseless,"
involving "fantastic or delusional scenarios."  Perfect
10, Inc. v. Visa Int'l Serv. Ass'n, No. C 04-00371 JW,
2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005); see
Glass v. Sue, No. CV 09-8570-RGK SHX, 2011 WL 561028,
at *3 (C.D. Cal. Feb. 8, 2011) ("A case is deemed
frivolous only when the result is obvious or the
arguments are wholly without merit." (citation
omitted)).  Further, Plaintiff's arguments were

objectively reasonable given the objective similarities
between the two works, and Defendant has not offered
any evidence of "bad faith or an improper motive" in
bringing this Action.  See <u>Fantasy, Inc. v. Fogerty</u>, 94
F.3d 553, 558 (9th Cir. 1996).  Plaintiff saw the
Accused Garments in a store, was surprised by the
similarities in the two works, and then initiated this
Action.  Ajnassian Decl. ¶ 5.  Finally, granting
Defendant its fees would not serve the purpose of the
Copyright Act, which was created to "encourage the
production of original literary, artistic, and musical
expression for the good of the public." <u>Fogerty v.</u>
<u>Fantasy, Inc.</u>, 510 U.S. 517, 524 (1994).  Plaintiff
owns fabric designs, and awarding Defendant its
attorneys' fees would deter Plaintiff from asserting
its rights in future litigation.

Consequently, the Court **DENIES** Defendant's request
for attorneys' fees.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS**
Defendant's Motion on all of Plaintiff's claims and
**DENIES** Plaintiff's Motion.  The Court, however, **DENIES**
Defendant's request for its attorneys' fees.


**IT IS SO ORDERED.**

DATED: May 22 , 2018                s/ RONALD S.W. LEW
                          _____
                          **HONORABLE RONALD S.W. LEW**
                          Senior U.S. District Judge